UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICARDO PITA PEREZ,

        Petitioner,

v.                                                                Case No. 3:21-cv-38-J-34JBT

JEFFREY A. ROSEN,[1] et al.,

        Respondents.
_____

**ORDER**

1. The **Clerk of the Court** shall send a copy of the "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (Doc. 1) and this Order by certified mail to: (1) the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; (2) the United States Attorney for the Middle District of Florida (attention to the Civil Process Clerk); (3) the Attorney General of the United States in Washington, D.C.; and (4) Sheriff Scotty Rhoden, 1 Sheriff's Office Drive, MacClenny, FL 32063. All costs of service shall be advanced by the United States.

2. Respondents, within **60 days** from the date of service of process upon the United States Attorney, shall respond to the Petition, and show cause why the Petition should not be granted.

---

[1] Jeffrey A. Rosen is the Acting Attorney General of the United States; and Peter T. Gaynor is the Acting Secretary of the Department of Homeland Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Jeffrey A. Rosen is substituted for William Barr, and Peter T. Gaynor is substituted for Chad Wolf as the proper Respondents in this suit. The **Clerk** is directed to make the appropriate entries on the docket to reflect the substitutions.

3. Before counsel has appeared for Respondents, Petitioner shall send to Respondents a copy of every further pleading, motion, or other paper submitted to be filed in this case and to be considered by the Court. After counsel has appeared for Respondents, the copy shall be sent directly to counsel for Respondents, rather than to Respondents personally. Petitioner shall include with the original pleading or other paper that is submitted to be filed a certificate stating the date that an accurate copy of the pleading or other paper was mailed to Respondents or counsel for Respondents. If any pleading or other paper submitted to be filed and considered by the Court does <u>not</u> include a certificate of service upon Respondents or counsel for Respondents, it will be stricken from this case and disregarded by the Court.

4. Petitioner shall advise the Court of his current mailing address at all times, especially if the Petitioner is released from custody. Failure to do so may result in the dismissal of this action.

5. All parties shall ensure that all exhibits accompanying any pleadings which they submit to the Court are individually marked for identification and a table of contents or index shall be included to aid the Court in location of such documentary exhibits.

6. After Respondents file a response, Petitioner shall have **30 days** to file his response to Respondents' response.  If Respondents' response incorporates a motion to dismiss the Petition, pro se Petitioner is advised out of an abundance of caution that the granting of this motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter.

If Respondents' response includes documents in support of a request to dismiss/deny the Petition, the Court will construe this request as a motion for summary

2

judgment. In preparing a response, Petitioner should be aware of the provisions of Rule 56 of the Federal Rules of Civil Procedure.

Rule 56 provides that when a motion for summary judgment is supported by affidavits and/or other documents, the party opposing the motion may not depend upon the mere allegations in his pleadings to counter it. Pursuant to Rule 56, the party opposing the motion must respond with counter sworn affidavits and/or documents to set forth specific facts showing that there is a genuine issue of material fact in dispute. If the opposing party fails to respond to the motion or responds, but the response does not comply with the requirements of Rule 56 as stated above, the Court may declare that the facts in the affidavits and/or documents supporting the motion are established as true and that there is no genuine issue of material fact in dispute. In that event, if the applicable law allows, the party or parties who filed the motion will be entitled to have the motion granted and final judgment entered in his/their favor based upon the pleadings, affidavits, and other documentation. If the motion is granted, there will be no evidentiary hearing, and the case will be terminated in this Court.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of January, 2021.

_____
JOEL B. TOOMEY
United States Magistrate Judge

caw 1/19
c:
Ricardo Pita Perez, #A216-417-614